# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JACQUELINE R. MANUEL,
      Appellant,

      v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
DA-0752-13-2536-I-1

DATE: August 25, 2014

# THIS ORDER IS NONPRECEDENTIAL[*]

Jacqueline R. Manuel, Houston, Texas, pro se.

Nadalynn F. Hamilton, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant filed an appeal with the Board that was docketed as a challenge to the agency's action removing her from the position of Associate Rural Carrier, effective August 24, 2007. Initial Appeal File (IAF), Tab 1. The administrative judge notified the appellant that the Board might not have jurisdiction over her removal because she is not a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity. IAF, Tab 2. In response, the appellant asserted that she filled in for her supervisor as needed. The agency replied that the appellant is a nonsupervisory employee and is not preference eligible. IAF, Tab 4. The administrative judge provided the appellant another opportunity to submit evidence and argument showing that the Board has jurisdiction. IAF, Tab 9. In response, the appellant did not dispute that she is not preference eligible but instead asserted that she was a full-time employee entitled to restoration rights and that the agency has denied her requests for restoration. IAF, Tabs 10, 11. The agency replied with argument and evidence showing that the appellant "was employed in the bargaining unit as a non-career, craft level employee, specifically as a rural carrier associate." IAF, Tab 12. Because the appellant did not request a hearing, the administrative judge decided the jurisdictional issue on the record, finding that the Board does not have jurisdiction because the appellant failed to establish that she worked in a supervisory or managerial position. Initial Decision at 5.

¶3      As a preliminary matter, we note that the administrative judge found that the Board lacks jurisdiction over the instant appeal because the appellant, a Postal Service employee in a nonmanagerial position, did not establish that she is a preference eligible. This reasoning is correct to the extent the appellant was

appealing a removal. However, while only particular groups of Postal Service employees have the right to appeal an adverse action to the Board, the Board may exercise jurisdiction over a Postal Service employee's claim that the agency violated her restoration rights under 5 C.F.R. part 353, subpart C, regardless of whether the employee is a preference eligible or a supervisory or managerial employee. *See* 5 C.F.R. §§ 353.102-103; *Rumph v. U.S. Postal Service*, 101 M.S.P.R. 243, ¶ 9 (2006).

¶4        Here, the appellant asserts on review that she did not file an appeal of her removal. Petition for Review (PFR) File, Tab 5. Instead, she contends that she was challenging the agency's denial of her restoration and argues that the administrative judge erred by failing to address this argument. PFR File, Tabs 1, 5. The appellant asserts further that she specifically argued below that she recovered sufficiently to return to duty on a part-time basis, that she requested restoration more than 15 times, and that the agency's denials of her requests were arbitrary and capricious. PFR File, Tabs 1, 5. The appellant contends, however, that the administrative judge refused to consider her allegations that the agency failed to restore her. PFR File, Tab 5.

¶5        The Board has long held that an appeal may be dismissed for lack of jurisdiction only if the appellant has been placed on specific notice of what must be shown or alleged to establish jurisdiction, and the appellant fails to make the requisite showing or allegations. *See Rumph*, 101 M.S.P.R. 243, ¶ 7. An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). In addition, she must be fully informed of what she needs to show in order to be entitled to a jurisdictional hearing in a restoration appeal, namely, that she must make a nonfrivolous allegation by setting forth specific allegations of fact which, if proven, could establish a prima facie showing of Board jurisdiction. *Rumph*, 101 M.S.P.R. 243, ¶ 7.

¶6        Here, the administrative judge's jurisdictional order only advised the appellant that, as a Postal employee, she did not appear to be a preference eligible and instructed her to submit evidence and argument to show that she is preference eligible.  IAF, Tab 2.  Notwithstanding the appellant's allegations, however, the jurisdictional order did not address her restoration claim.  *Id*.  Further, the administrative judge's March 12, 2014 summary of telephonic close of record conference identifies the issue as a removal and indicates that "additional issues are precluded." IAF, Tab 9.  However, the record is replete with the appellant's arguments that the agency failed to restore her to her position, including her responses to the administrative judge's March 12 summary.  IAF, Tabs 1, 10, 11, 13.  Thus, the appellant, who is pro se, clearly raised a restoration claim below which was not addressed by the administrative judge.  IAF, Tabs 1, 10, 11.  Accordingly, the order was not a sufficient statement of the Board's jurisdictional requirements.

¶7        However, timeliness may be an issue in this appeal.  The Board's regulations provide that an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed or 30 days after the date of receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b).  The regulations further provide that, if a party does not submit an appeal within the applicable time limit, it will be dismissed as untimely filed unless a good reason for the delay is shown.  5 C.F.R. § 1201.22(c).

¶8        In determining whether an appellant has established good cause to waive the timeliness requirements for filing an appeal, the Board's analysis generally depends on whether the agency was required to provide notice of the appellant's right to appeal the action at issue and whether the agency provided such notice. In the absence of duty on the agency's part to provide notice of appeal rights, an appellant must establish that she exercised due diligence in discovering and pursuing a right of appeal before the Board will excuse an untimely filed appeal for good cause shown.  *Cranston v. U.S. Postal Service*, 106 M.S.P.R. 290, ¶ 9

(2007). However, an appellant who was not provided a required notice of appeal rights is not required to show that she exercised due diligence in attempting to discover her appeal rights; the question is whether she was diligent in filing an appeal after she learned she could do so. *Id.* Here, the administrative judge noted that, based on his determination that the Board lacked jurisdiction over an appeal of the appellant's removal, he made no ruling on the timeliness issue. Accordingly, because the administrative judge did not address either the restoration issue or the timeliness issue, this appeal must be remanded for further adjudication.

¶9 Because the Board may have jurisdiction over the appellant's restoration claim, we REMAND this appeal for the administrative judge to provide the appellant with the proper *Burgess* notice. On remand, if the administrative judge determines that the Board has jurisdiction over this appeal, he must then address the timeliness of the appeal. If the administrative judge finds that the Board has jurisdiction over this appeal and that there is good cause to waive the untimely filing, the administrative judge must address the appeal on the merits.

### ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:       _____

William D. Spencer
Clerk of the Board

Washington, D.C.